# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN LEE DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:12-cv-436 |
| | ) |
| FORT WAYNE RESCUE MISSION, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Kevin Lee Dixon, a *pro se* plaintiff, has filed a form "Complaint" seeking relief under 42 U.S.C. § 1983 [DE 1] along with a Motion for Leave to Proceed *In Forma Pauperis* [DE 3].[1] As explained below, however, Dixon's Complaint does not state a cognizable claim upon which relief could be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Dixon's Motion will be denied and his Complaint will be dismissed.

## BACKGROUND

According to its website, Defendant Fort Wayne Rescue Mission "is a faith-based, nonprofit, 501(c)(3) organization, providing restorative care to men, women and children experiencing a homeless crisis" that "serves Fort Wayne, Allen County and its nine surrounding counties." See http://therescuemission.net/about-us/. Dixon's complaint is somewhat difficult to follow but it's also relatively short, so I will repeat it in its entirety here:

---

[1] On the same day this suit was filed and randomly assigned to me, Dixie also filed a *pro se* § 1983 complaint against Dupont Hospital and St. Joseph Hospital (which was randomly assigned to Judge James T. Moody), and on the next business day he filed a *pro se* § 1983 complaint against the Metropolitan Human Relations Commission (which was randomly assigned to Judge Theresa L. Springmann).

> Nov 2012 Control Police Report v Fort Wayne Rescue Mission
> On retaliation The Fort Wayne Rescue slept at night after waking someone went thru all paperwork and Broke Hearing Aid
> 	Office of Attorney General
> 	Consumer Protection Division
> 	Indianapolis IN
> Have a Past Complaint file and a Present Complaint Pending
> 	The Fort Wayne Rescue Mission don't have a Open Door Policy and the Fort Wayne Rescue Mission Staff on a Hate Crime
> Then caught a Undercover Police working at Mission after he Evicted from Mission this Police came in Public with Work Clothes Police Clothes
>
> [Page Break]
>
> Cause (1) of Action with Supporting facts
> 	Fort Wayne Rescue Mission filed a Complaint with Presiden [*sic*] of United States and Attorney
> 	Then on Conversation of Staff and Residents they did not hide the conversation on Hate toward this Party
>
> [Page Break]
>
> The Fort Wayne Rescue Mission can't make this Party believe in God
> 	Then whats happen after they know that this Party don't believe In God The Fort Wayne Rescue Mission then have a Hate Crime with Staff and Resident's while Sleep at nite
> 	Then on Directory they have to many Visitors as staff members who run the Mission They give Gifts such as Toothpaste to clean Teeth after sleeping at Mission the Toothpaste tampered with by Fort Wayne Rescue Staff and Residents

[DE 1 at 2-4.]

That's the full extent of the allegations in Dixie's Complaint. From this, it's hard to know exactly what has happened, but it is clear that Dixie is generally unhappy with the treatment he has received from the Fort Wayne Rescue Mission. Reading these allegations liberally, it appears that Dixie believes that while he was sleeping at the shelter someone went through his belongings, broke his hearing aid, and may have tampered with his toothpaste. It appears Dixie may further believe that this is all part of a hate crime committed by Fort Wayne

2

Rescue Mission's staff and other residents arising out of the fact that Dixie does not believe in God.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Dixie's allegations do not state a plausible claim for relief. A § 1983 action may be maintained only against a defendant who acts under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private actors, such as the non-governmental defendant named here, can be said to act under color of state law only if their conduct is fairly attributable to the state. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Dixie makes no allegations that would support a plausible claim that the Fort Wayne Rescue Mission acts under color of state law. In certain limited circumstances a private company may be deemed to have acted under color of state law where it acted in concert with a state actor. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). Here, however, Dixie does not specifically allege, nor can it be plausibly inferred from the complaint, that anyone associated with the Fort Wayne Rescue Mission conspired with a state actor to deprive him of his constitutional rights. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005) (department store was not a state actor and could not be sued under 42 U.S.C. § 1983 based on an incident in which store employees accused the plaintiff of theft and called police, resulting in his arrest). Accordingly, Dixie has stated no actionable § 1983 claim for relief against Defendant.

Moreover, to the extent Dixie is attempting to allege some claim against Fort Wayne Rescue Mission based on state law, he does not allege, nor can it be plausibly inferred from the complaint, that diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a). It is apparent from the complaint that Dixie lives in Indiana and that Fort Wayne Rescue Mission is a citizen of Indiana.

I note, finally, that Dixie has filed numerous cases in this district in the past four years, and that this is now the sixth one to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dixie is cautioned that if he continues to file lawsuits that are deemed frivolous, it may be

necessary for the Court to enter an injunction allowing for "the threshold review of a litigant's documents to ensure that those documents are neither duplicative nor frivolous." *In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989).

## CONCLUSION

For the foregoing reasons, Dixie's Motion for Leave to Proceed *In Forma Pauperis* [DE 3] is **DENIED**, and his Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Entered: December 13, 2012.

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
